**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| WOODPECKERS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>Defendants. | Civil Action No.<br>1:26-cv-2987 |

**COMPLAINT**

Plaintiff Woodpeckers, LLC ("Plaintiff"), by and through undersigned counsel, hereby files its Complaint against Defendants, The Individuals, Partnerships, and Unincorporated Associations identified on Schedule "A" hereto (collectively, the "Defendants"), and alleges as follows:

**NATURE OF THE ACTION**

1) Defendants are promoting, selling, reproducing, offering for sale, and distributing goods using confusingly similar imitations of Plaintiff's intellectual property (design patent, trademark, and copyright) within this district through various Internet-based e-commerce stores and fully interactive commercial Internet websites operating under the seller identification names set forth on Schedule "A" hereto (the Seller IDs").[1]

2) Plaintiff suffers ongoing daily and sustained violations of its intellectual property rights at the hands of infringers such as Defendants herein, who wrongfully reproduce Plaintiff's

[1] Schedule A lists Defendant's identifying information (Merchant Name, Merchant ID, Product ID) and the corresponding infringing use of Plaintiff's Intellectual Property. Plaintiff will be separately moving to file Schedule "A" under seal.

intellectual property for the twin purposes of (i) duping and confusing the consuming public and (ii) earning substantial profits. The natural and intended byproduct of Defendants' actions is the erosion and destruction of the goodwill associated with Plaintiff's intellectual property, as well as the destruction of the legitimate market sector in which they operate.

3) To combat the indivisible harm caused by the combined actions of Defendants and others engaging in similar conduct, Plaintiff has expended significant resources in connection with intellectual property enforcement efforts, including legal fees, investigative fees, and support mechanisms for law enforcement. The exponential growth of infringing conduct over the Internet, particularly through online marketplace platforms, has created an environment that requires companies, such as Plaintiff, to expend significant time and money across a wide spectrum of efforts in order to protect both consumers and itself from the negative effects of confusion and the erosion of the goodwill connected to Plaintiff's brand and intellectual property rights.

## THE PARTIES

4) Plaintiff Woodpeckers, LLC ("Plaintiff") is a limited liability company organized and existing under the laws of the State of Ohio with a principal place of business at 13700 Prospect Road, Strongsville, Ohio 44149.

5) The currently-known Defendants are comprised of individuals, business entities of unknown makeup, or unincorporated associates, each of whom, on information and belief, likely reside or operate in foreign jurisdictions, or redistribute products from the same or similar sources in these locations, including those identified by name or alias on the attached Schedule "A" (collectively, "Defendants").

6) Defendants operate through domain names and interactive virtual storefronts (the "Infringing Storefronts") on various e-commerce platforms, such as Alibaba, AliExpress, Amazon,

Banggood, eBay, Fruugo, Shein, Shopify, Temu and Walmart, as well as four independent websites (each a "Marketplace" and collectively, the "Marketplaces").

7) Each Defendant is known to Plaintiff only by its unique Marketplace name and ID number.

8) Defendants offer their products for sale to consumers in the United States, including this District, and, on information and belief, have sold and continue to sell products (the "Infringing Products") which violate Plaintiff's intellectual property rights to consumers within the United States, including within Texas and the Western District of Texas.

9) Through their illegal operations on the Infringing Storefronts, Defendants are directly and personally contributing to, inducing, and engaging in the sale of Infringing Products, and on information and belief, are doing so often as partners, co-conspirators, or suppliers.

10) On information and belief, Defendants are an interrelated group working in concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell Infringing Products.

11) Defendants conceal their identities and the full scope of their infringing operations to deter Plaintiff from learning Defendants' true identities and the exact interworking of Defendants' infringing operation. The true identities of many of these Defendants are presently unknown.

## **JURISDICTION AND VENUE**

12) This is an action for design patent infringement in violation of 35 U.S.C. § 271, copyright infringement in violation of 17 U.S.C. § 504, and trademark infringement in violation of 15 U.S.C. § 1114, seeking damages, injunctive relief, and other remedies provided by law.

13) This Court has original and exclusive subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Trademark Act, 15 U.S.C. § 1051, *et seq.*, the Copyright Act, 17 U.S.C. § 101, *et seq*., and the Patent Act, 35 U.S.C. § 1, *et seq*., 28 U.S.C. §§ 1338(a)-(b), and 28 U.S.C. § 1331.

14) This Court has personal jurisdiction over Defendants because each Defendant has, through one or more fully interactive commercial Internet websites, pursued sales from Texas residents by offering shipping to Texas, and, on information and belief, has induced sales of Infringing Products to residents of Texas in violation of Plaintiff's intellectual property rights. As such, personal jurisdiction is proper because each Defendant is committing infringing acts in Texas and has wrongfully caused Plaintiff substantial injury in the State of Texas.

15) This Court also has personal jurisdiction over Defendants because Plaintiff's claims arise under federal law; the Defendants are, on information and belief, not subject to jurisdiction in any state's courts of general jurisdiction; and exercise of such jurisdiction is consistent with the United States Constitution and laws. Fed. R. Civ. P. 4(k)(2).[2] Personal jurisdiction is thus also proper pursuant to Rule 4(k)(2) because each of the Defendants directs its activities at residents of the United States and the State of Texas.

16) Venue is proper in this Court pursuant to 28 U.S.C. § 1391. Defendants are entities or individuals subject to personal jurisdiction in this District, and Defendants not residing in the United States may be sued in any judicial district.

---

[2] "For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." Walden v. Fiore, 571 U.S. 277, 284 (2014); see also J. McIntyre Mach., Ltd. v. Nicastro, 564 U.S. 873, 881 (2011) ("submission through contact with and activity directed at a sovereign may justify specific jurisdiction"). Specific jurisdiction only requires a defendant to have "minimum contacts" with the state, rather than the "continuous and systematic" standard for general jurisdiction—the defendant need only purposefully direct its activities at residents of the forum, and the plaintiff's alleged injury must arise out of or relate to the defendant's contacts with the forum. Dontos v. Vendomation NZ Ltd., 582 F. App'x 338, 342 (5th Cir. 2014).

## RELEVANT FACTS

17) Plaintiff is the manufacturer and distributor of high-quality renowned WOODPECKERS® branded precision woodworking tools, including its innovative Posi-Lock T-Square tools ("WOODPECKERS Products"), which deliver unparalleled accuracy in panel layout work and have achieved significant commercial success. Plaintiff sells WOODPECKERS Products through its website[3], Amazon storefront[4], and dealers[5].

18) Plaintiff has enjoyed significant sales of its WOODPECKERS Products throughout the United States, including sales to customers in the State of Texas. Plaintiff has invested significant resources in the design, development, manufacture, advertising, and marketing of its innovative WOODPECKERS Products.

19) Plaintiff created a unique, distinctive, and non-functional design to use with its WOODPECKERS Products. Plaintiff has extensively and continuously promoted and used its design for years throughout the United States, including in Texas. Through that extensive and continuous promotion and use, Plaintiff's WOODPECKERS Products design has become a well-known indicator of the origin and quality of Plaintiff's WOODPECKERS Products.

---

[3] www.woodpeck.com

[4] https://www.amazon.com/stores/page/21337DE8-F913-43CA-8C5A-D7FC1F8FEF73/?_/?_encoding=UTF8&store_ref=SB_A0361733216Y5JS5UFADV-A0165979DXH35N3L9QLK&pd_rd_plhdr=t&aaxitk=55aa38d3e9c21ae9ba8f2cc5f86d4d71&hsa_cr_id=0&lp_asins=B0CNHYGPF6%2CB003S7G4HK%2CB0DB6HHNLX&lp_query=woodpecker&lp_slot=auto-sparkle-hsa-tetris&ref_=sbx_be_s_sparkle_ssd_hl&pd_rd_w=SKefq&content-id=amzn1.sym.9f2b2b9e-47e9-4764-a4dc-2be2f6fca36d%3Aamzn1.sym.9f2b2b9e-47e9-4764-a4dc-2be2f6fca36d&pf_rd_p=9f2b2b9e-47e9-4764-a4dc-2be2f6fca36d&pf_rd_r=JKVXTZ4PM7EREVJFAGVWJKVXTZ4PM7EREVJFAGVW&pd_rd_wg=t7FFQ&pd_rd_r=41b21c63-c6f4-460d-86cd-8ab6cca53363

[5] https://www.woodpeck.com/dealers

20) Plaintiff has protected its innovative design and brands through a range of intellectual property rights. WOODPECKERS Products are known for their distinctive patented design, original copyrighted works, and typically include at least one of Plaintiff's trademarks.

21) Plaintiff has registered its trademarks with the United States Patent and Trademark Office, including POSI-LOCK (Reg. No. 7,084,416), RACK-IT (Reg. No. 5,821,932), ONETIME TOOL (Reg. No. 4,708,733), and WOODPECKERS (Reg. No. 3,176,964) (the "WOODPECKERS Trademarks"), and uses them in connection with the advertisement, design, distribution, offer for sale, and sale of its WOODPECKERS Products.

22) The above U.S. registrations for the WOODPECKERS Trademarks are valid, subsisting, in full force and effect. The registrations for the WOODPECKERS Trademarks constitute prima facie evidence of its validity and of Plaintiff's exclusive right to use the WOODPECKERS Trademarks pursuant to 15 U.S.C. § 1057(b). The WOODPECKERS Trademarks have been used exclusively and continuously by Plaintiff and have never been abandoned since their first use. True and correct copies of the U.S. Registration Certificates for the above-listed trademarks are attached hereto as **Exhibit 1**.

23) The WOODPECKERS Trademarks are distinctive, signifying to the purchaser that WOODPECKERS branded products come from the Company, and are manufactured exclusively in the USA, to its exacting quality standards. The WOODPECKERS Trademarks have achieved tremendous fame and recognition, which has only added to the inherent distinctiveness of the mark. As such, the goodwill associated with the WOODPECKERS Trademarks are of incalculable and inestimable value to Plaintiff.

24) Plaintiff has expended substantial time, money, and other resources in developing, advertising and otherwise promoting and protecting the WOODPECKERS Trademarks. As a

result, products bearing the WOODPECKERS Trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being high-quality products sourced from Plaintiff. WOODPECKERS Products have become among the most popular of their kind in the United States and the world. The widespread fame, outstanding reputation, and significant goodwill associated with the WOODPECKERS brand have made the WOODPECKERS Trademarks an invaluable asset of Plaintiff.

25) WOODPECKERS Products are also known for their distinctive patented design. Woodworking tools that use this design are associated with the quality and innovation that the public has come to expect from WOODPECKERS Products. Plaintiff is the lawful assignee of all rights, title, and interests in and to U.S. Patent No. D957,964 (the "'964 Patent") that covers the ornamental features of its WOODPECKERS Products. Attached hereto as Exhibit 1 are true and accurate copy of the '964 Patent.

26) Figures 1-7 of the '964 Patent are depicted below:

| **Patent Number:** | US D957,964 | **Issue Date:** | July 19, 2022 |
|---|---|---|---|
| Figure 1 |  FIG. 1 | | |

| | |
|---|---|
| Figures 2-5 |  FIG.2  FIG.3  FIG.4  FIG.5 |
| Figure 6 |  FIG.6 |
| Figure 7 |  FIG.7 |

*27)* Rather than innovate and develop their own woodworking tool ornamental design and structural appearance, Defendants deliberately and willfully chose to copy Plaintiff's patented WOODPECKERS Products design and sculptural appearance protected by the '964 Patent. *See* **Exhibit 2**.

28) Upon information and belief, Defendants have and continue to willfully import into the United States, sell, offer for sale, and commercially exploit products that directly infringe Plaintiff's '964 Patent, causing substantial and irreparable harm to Plaintiff.

29) Upon information and belief, the substantial similarity between Plaintiff's patented design in the '964 Patent and the infringing products sold and offered for sale by Defendants has caused and continues to cause actual confusion and deception among customers and potential customers, leading them to believe that Defendants' unauthorized products are genuine WOODPECKERS Products or are otherwise authorized by or affiliated with Plaintiff.

30) Plaintiff has invested substantial time, resources, and money in creating and building Plaintiff's valuable videographic portfolio. Plaintiff's video is an original, creative work in which Plaintiff owns protectable copyright interests. Plaintiff is the owner of a valid and subsisting U.S. copyright registration (U.S. Reg. No. PAu004269922). Attached hereto as **Exhibit 1** is a true and accurate copy of the WOODPECKERS Work[6] registration. A copy of an image from Plaintiff's WOODPECKERS Work is below.




**IMAGE 1: Plaintiff's WOODPECKERS Work**

[6] Link to Plaintiff's copyrighted video: https://www.youtube.com/watch?v=8Shqj0gdM28

31) The WOODPECKERS Work is wholly original and created through Plaintiff's independent creative efforts, and Plaintiff is the exclusive owner of all right, title, and interest, including all rights under copyright, in the WOODPECKERS Work.

32) Since first publication, Plaintiff has continuously and extensively used the WOODPECKERS Work in connection with advertising and demonstrating the WOODPECKERS Products. Plaintiff's products and the accompanying copyrighted works have been the subject of substantial and continuous marketing and promotion by Plaintiff throughout the United States leading to successful sales and recognition of the WOODPECKERS Products.

33) The WOODPECKERS Work is of significant value to Plaintiff because of the marketing, sales, and recognition benefits Plaintiff receives from the WOODPECKERS Work's exploitation.

34) Upon information and belief, Defendants have infringed, and continue to infringe Plaintiff's WOODPECKERS Work after the effective date of the copyright registration.

35) Among the exclusive rights granted to Plaintiff under the U.S. Copyright Act are the exclusive rights to reproduce, distribute, perform, and display the WOODPECKERS Work to the public. Plaintiff has never granted authorization to Defendants to use Plaintiff's copyrighted work to advertise, market, or promote unauthorized goods.

36) The success of Plaintiff's brand has resulted in significant infringement and counterfeiting.

37) Upon information and belief, at all times relevant hereto, the Defendants in this action have had full knowledge of Plaintiff's ownership of the WOODPECKERS Trademarks, Design, and Work (collectively, the "WOODPECKERS Intellectual Property"), including its exclusive right to use and license such intellectual property and their associated goodwill. In

addition to Plaintiff's global sales and international use of the WOODPECKERS Intellectual Property, Defendants have notice of Plaintiff's claim to ownership from its federal registrations of the same. Defendants, without authorization or license from Plaintiff, knowingly and willfully used and continue to use the WOODPECKERS Intellectual Property in connection with the advertisement, offer for sale, and sale of the infringing products, through, inter alia, the internet.

38) Plaintiff recently identified the WOODPECKERS Intellectual Property being used without authorization on Infringing Products in the Infringing Storefronts. These stores are designed to resemble authorized Internet retail stores.

39) Defendants' use of the WOODPECKERS Intellectual Property in connection with the advertising, marketing, distribution, offering for sale, and sale of the Infringing Products is likely to cause and has already caused confusion, mistake, and deception among consumers and is irreparably harming Plaintiff.

40) Defendants have manufactured, imported, distributed, offered for sale, and sold Infringing Products in connection with the WOODPECKERS Intellectual Property and continue to do so. *See* **Exhibit 2**.[7]

41) Defendants, without authorization or license from Plaintiff, knowingly and willfully used and continue to use WOODPECKERS Intellectual Property in connection with the advertisement, offer for sale, and sale of the Infringing Products, through, inter alia, the Internet. The Infringing Products are not genuine Plaintiff Products. Plaintiff did not manufacture, inspect, or package the Infringing Products and did not approve the Infringing Products for sale or distribution. Each Infringing Storefront offers shipping to the United States, including Texas, and,

---

[7] Exhibit 2 contains screenshot evidence showing that Defendants' online storefronts offered the infringing products for sale.

on information and belief, each Defendant has sold Infringing Products into the United States, including Texas.

42) Defendants create numerous Defendant Internet Stores and design these stores to appear to be selling genuine WOODPECKERS Products, while they actually sell infringing and counterfeit versions of Plaintiff's WOODPECKERS Products. Defendant Internet Stores share unique identifiers, such as common design elements, the same or similar counterfeit products that they offer for sale, similar counterfeit product descriptions, the same or substantially similar shopping cart platforms, accepted payment methods, check-out methods, lack of contact information, and identically or similarly priced counterfeit products and volume sale discounts. As such, the Defendant Internet Stores establish a logical relationship between them and suggest that Defendants' illegal operations arise out of the same transaction or occurrence

43) Upon information and belief, Defendants, either individually or jointly, operate one or more e-commerce stores under the seller aliases shown in Schedule "A", and Plaintiff has reason to believe additional aliases exist but are not yet known to Plaintiff. The tactics used by Defendants to conceal their identities and the full scope of their infringing operation make it virtually impossible for Plaintiff to learn the precise scope and the exact interworking of their infringing network. If Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

44) Counterfeiters, such as Defendants here, are typically in communication with each other. They regularly participate in online chat rooms, such as QQ.com, and also communicate through websites such as sellerdefense.cn, kaidianyo.com, and kuajingvs.com, where they discuss tactics for operating multiple accounts, evading detection, pending litigation, and potential new lawsuits.

45) Infringers, such as Defendants here, maintain offshore bank accounts and regularly move funds from their financial accounts to offshore accounts outside the jurisdiction of U.S. courts to avoid payment of any monetary judgment awarded. Upon information and belief, offshore counterfeiters regularly move funds from U.S.-based financial accounts to offshore accounts outside the jurisdiction of U.S. courts.

46) Infringers, such as Defendants here, maintain offshore bank accounts and regularly move funds from their financial accounts to offshore accounts outside the jurisdiction of U.S. courts to avoid payment of any monetary judgment awarded. Upon information and belief, offshore counterfeiters regularly move funds from U.S.-based financial accounts to offshore accounts outside the jurisdiction of U.S. courts.

47) Upon information and belief, at all times relevant hereto, the Defendants in this action have had full knowledge of Plaintiff's ownership of the WOODPECKERS Trademarks, Work and '964 Patent, including its exclusive right to use and license such intellectual property and their associated goodwill. Defendants, without authorization or license from Plaintiff, knowingly and willfully used and continue to use the WOODPECKERS Intellectual Property in connection with the advertisement, offer for sale, and sale of the counterfeit products, through, inter alia, the internet.

48) Plaintiff has never licensed, authorized, or otherwise permitted Defendants to use the WOODPECKERS Trademarks and '964 Patent or to copy or redistribute the WOODPECKERS Work, and none of the Defendants are authorized retailers of genuine WOODPECKERS Products.

49) Defendants go to great lengths to conceal their identities by using multiple fictitious names and addresses to register and operate their massive network of Defendant Internet Stores.

Other Defendant domain names often use privacy services that conceal the owners' identity and contact information.

50) Defendants' use of WOODPECKERS Intellectual Property on or in connection with the advertising, marketing, distribution, offering for sale, and sale of the infringing products is likely to cause and has caused confusion, mistake, and deception by and among purchasers and potential purchasers and is irreparably harming Plaintiff.

51) Defendants are causing harm to Plaintiff's goodwill and reputation because the effect of their unlawful actions taken together amplifies each harm and creates a single negative consumer impression. Defendants' activities, occurring at the same time and in the same retail space and manner as one another, blend together to create a single negative impression on consumers such that they constitute the same occurrence or series of occurrences. The combination of all Defendants engaging in the same illegal activity in the same time span causes a collective harm to Plaintiff in a way that individual actions, occurring alone, might not.

52) Upon information and belief, Defendants will continue to register or acquire listings for the purpose of selling infringing products that infringe upon the WOODPECKERS Intellectual Property unless preliminarily and permanently enjoined.

## COUNT I

## INFRINGEMENT OF UNITED STATES DESIGN PATENT (35 U.S.C. § 271)

53) Paragraphs 1-52 are realleged and incorporated herein by reference.

54) Plaintiff is the lawful assignee of all rights, titles, and interests in the '964 Patent. *See* **Exhibit 1**.

55) Defendants are making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use infringing products that infringe the ornamental design

claimed in the Plaintiff's '964 Patent either directly or under the doctrine of equivalents. *See* **Exhibit 4**.

56) Defendants have been and are infringing Plaintiff's '964 Patent by making, using, selling, or offering for sale in the United States, or importing into the United States, including within this judicial district, the accused products in violation of 35 U.S.C.§ 271(a).

57) Defendants have infringed Plaintiff's '964 Patent through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm including loss of marking share, price erosion, damage to reputation, and loss of goodwill. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

58) Defendants have infringed Plaintiff's '964 Patent because, in the eye of an ordinary observer, the ornamental designs of Plaintiff's '964 Patent and the overall design of Defendants' infringing products are substantially the same, if not identical, with resemblance such as to deceive an ordinary observer, including to deceive such observer to purchase an infringing product supposing it to be Plaintiff's product protected by Plaintiff's '964 Patent.

59) Plaintiff is entitled to recover damages adequate to compensate for the infringement, including Defendants' profits pursuant to 35 U.S.C. § 289. Plaintiff is entitled to recover any other damages that are appropriate pursuant to 35 U.S.C. § 284.

## COUNT II

## TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)

60) Paragraphs 1-59 are realleged and incorporated herein by reference.

61) As indicated in **Exhibit 3**, some Defendants are using in commerce one or more reproductions, counterfeits, copies, or colorable imitations of one or more of WOODPECKERS

Trademarks in connection with the sale, offering for sale, distribution, and/or advertising of goods in a manner that is likely to cause confusion, or to cause mistake, or to deceive as to the source or origin of each Defendant's goods. *See* **Exhibit 2**.

62) Those Defendants have sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising products in connection with the WOODPECKERS Trademarks without Plaintiff's permission.

63) Upon information and belief, those Defendants have knowledge of Plaintiff's rights in Plaintiff's trademarks and are willfully infringing and intentionally using Plaintiff's trademarks in connection with counterfeit items. Their willful, intentional, and unauthorized use of WOODPECKERS Trademarks is likely to cause confusion, mistake, and deception as to the origin and quality of the counterfeit goods among the general consuming public.

64) Defendants' activities constitute willful trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

65) Plaintiff has no adequate remedy at law, and if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its well-known trademarks.

66) The injuries sustained by Plaintiff have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offer to sell, and sale of counterfeit versions of Plaintiff's WOODPECKERS Products.

**COUNT III**

**COPYRIGHT INFRINGEMENT (17 U.S.C. §501(a))**

67) Paragraphs 1-66 are realleged and incorporated herein by reference.

68) Plaintiff's WOODPECKERS Work has significant value and has been produced and created at considerable expense. Plaintiff is the owner of the WOODPECKERS Work, which has been registered with the U.S. Copyright Office. *See* **Exhibit 1**. The WOODPECKERS Work constitutes original work and copyrightable subject matter pursuant to the Copyright Act, 17 U.S.C. § 101, *et seq*.

69) Plaintiff, at all relevant times, has been the holder of the pertinent exclusive rights infringed by some Defendants as indicated in Exhibit 3, as alleged hereunder, including, but not limited to, Plaintiff's WOODPECKERS Work, including derivative works.

70) Upon information and belief, those Defendants had access to the WOODPECKERS Work through Plaintiff's normal business activities. The WOODPECKERS Work is published on the internet and available to Defendants online. After accessing Plaintiff's WOODPECKERS Work, those Defendants wrongfully created copies and derivative works of Plaintiff's WOODPECKERS Work without Plaintiff's consent and engaged in acts of widespread infringement through streaming, publishing and distributing the WOODPECKERS Work via websites and online marketplaces in connection with the marketing and sale of their knockoff products. *See* **Exhibit 2**.

71) Plaintiff is informed and believes and thereon alleges that those Defendants further infringed Plaintiff's WOODPECKERS Work by making or causing to be made derivative works from Plaintiff's WOODPECKERS Work by producing and distributing reproductions without Plaintiff's permission. *Id*.

72) Defendants, without the permission or consent of Plaintiff, have published online infringing derivative works of Plaintiff's WOODPECKERS Work.

73) Defendants have violated Plaintiff's exclusive rights of reproduction, distribution, and performance.

74) Defendants' actions constitute an infringement of Plaintiff's exclusive rights protected under the Copyright Act, 17 U.S.C. § 101, *et seq*.

75) Further, as a direct result of the acts of copyright infringement, Defendants have obtained direct and indirect profits they would not have otherwise realized but for their infringement of Plaintiff's WOODPECKERS Work. Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to their infringement of Plaintiff's WOODPECKERS Work.

76) The foregoing acts of infringement constitute a collective enterprise of shared, overlapping facts, and have been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

77) As a result of Defendants' infringement of Plaintiff's exclusive rights under its copyright, Plaintiff is entitled to relief pursuant to 17 U.S.C. § 504 and 17 U.S.C. §§ 106(1)–(3), (5), and to recovery of its costs and attorneys' fees pursuant to 17 U.S.C. § 505.

78) Defendants, by their actions, have damaged Plaintiff in an amount to be determined at trial.

79) Further, Defendants' conduct is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502-503, Plaintiff is entitled to injunctive relief prohibiting Defendants from further infringing Plaintiff's copyright and ordering that Defendants destroy all unauthorized copies. Defendants' copies, digital files, and other embodiments of Plaintiff's WOODPECKERS Work which copies can be

reproduced should be impounded and forfeited to Plaintiff as instruments of infringement, and all knockoff copies created by Defendants should be impounded and forfeited to Plaintiff, under 17 U.S.C. § 503.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

A. That Defendants, and those persons in active concert or participation with Defendants, be preliminarily and permanently enjoined and restrained from advertising, offering for sale, or selling any goods that (i) use or are offered under or in connection with the WOODPECKERS Trademark or any other designation, trademark, or service mark that is identical or confusingly similar and likely to cause confusion, mistake, or deception as to the source, sponsorship, or affiliation of Plaintiff's goods; (ii) reproduce, display, distribute, or otherwise use the WOODPECKERS Work or any unauthorized derivative works thereof; and/or (iii) embody designs that infringe the '964 Patent.

B. That an accounting be conducted and judgment be rendered against Defendants for:

i. all profits received by Defendants from the sale of goods under or in connection with the WOODPECKERS Trademarks, Work, and the '964 Patent in the United States.

ii. all damages in an amount proven at trial from, inter alia, Defendants' trademark infringement pursuant to 15 U.S.C. § 1051 et seq., copyright infringement under 17 U.S.C. § 101 et seq., and design patent infringement under 35 U.S.C. § 271; and

iii. any other actual and compensatory damages in an amount not presently known but to be computed during the pendency of this action.

C. That any damages assessed against Defendants for trademark infringement be trebled as provided by 15 U.S.C. § 1117, and any profits be enhanced as warranted; Alternatively, that Plaintiff be awarded statutory damages from each Defendant found to be using a counterfeit mark of no less than $1,000 and no more than $2,000,000 per mark per type of good sold;

D. That the amount of damages awarded to Plaintiff to compensate Plaintiff for infringement of the '964 Patent be increased by three times the amount thereof, as provided by 35 U.S.C. § 284; and that Plaintiff be awarded complete accounting of all revenue and profits realized by Defendants from Defendant's infringement of WOODPECKERS '964 Patent, pursuant to 35 U.S.C. § 289;

E. Plaintiff be awarded statutory damages pursuant to 17 U.S.C. § 504(c) of $150,000 per work per infringement for each and every use of Plaintiff's copyrighted work;

F. That Defendants be directed to file with the Court and serve upon Plaintiff, no later than thirty (30) days after the issuance of an injunction, a report in writing and under oath, setting forth in detail the manner and form in which each has complied with the injunctions requested in the immediately preceding paragraphs and any other provision of this Court's Order;

G. That Plaintiff have and recover its costs in this suit, including but not limited to reasonable attorney's fees and expenses; and

H. That Plaintiff be awarded any and all other relief that this Court deems equitable and just.

Dated: October 23, 2026

Respectfully submitted,

**Woodpeckers, LLC**

/s/ James E. Judge
James E. Judge (IL Bar No. 6243206)
Ying Chen (IL Bar No. 6346961)
Flener IP Law, LLC

77 W. Washington St., Ste. 800
Chicago, IL 60602
(312) 724-8874
jjudge@fleneriplaw.com

*Counsel for Plaintiff*